UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 09-347-GWU


VINCENT E. PETREY,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

Vincent Petrey brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

   1.     Is the claimant currently engaged in substantial gainful activity?
          If so, the claimant is not disabled and the claim is denied.

   2.     If the claimant is not currently engaged in substantial gainful
          activity, does he have any "severe" impairment or combination
          of impairments--i.e., any impairments significantly limiting his
          physical or mental ability to do basic work activities?  If not, a
          finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  . . .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

6

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Petrey, a 43-year-old former auto mechanic and heavy equipment mechanic with a high school education, suffered from impairments related to an affective disorder and post traumatic stress disorder.  (Tr. 9, 14).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 12, 14).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 15).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security Benefits.  Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert James Miller included such factors as (1) an ability to understand, remember and sustain attention with simple, even paced tasks for extended periods of two-hour segments; (2) an ability to relate adequately in less crowded, object-focused settings with limited social demands and routine task demands; and (3) a limitation to lower stress tasks. (Tr. 39). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 39-40). The ALJ relied upon this testimony to support the administrative decision. (Tr. 15).

The ALJ erred in evaluating Petrey's residual functional capacity. Psychologist Cathie Sowhes completed a residual functional capacity assessment form in October of 2008. (Tr. 372-377). Sowhes opined that the plaintiff would have "no useful ability" in such areas as working in coordination with or in proximity to others without being unduly distracted, completing a normal workday and workweek without interruptions from psychologically-based symptoms, accepting instructions and responding appropriately to criticism from supervisors, getting along with peers or coworkers without unduly distracting them or exhibiting behavioral extremes, interacting appropriately with the general public, maintaining socially appropriate behavior, traveling in unfamiliar places and using public transportation. (Tr. 375-376). The psychologist also noted that the claimant would be "unable to meet competitive standards" in such areas of functioning as maintaining attention

8

for two-hour segments, maintaining regular attendance and being punctual within customary, usually strict tolerances, dealing with normal work stress, understanding and remembering detailed instructions, and dealing with the stress of skilled and semi-skilled work. (Id.). Sowhes indicated that Petrey would be "seriously limited but not precluded" in his ability to be aware of normal hazards and take appropriate precautions and carry out detailed instructions. (Id.). These are far more severe mental restrictions than those found by the ALJ. The ALJ rejected this opinion because it was contradicted by other evidence in the file from the medical reviewers and Sowhes did not appear to have actually examined the plaintiff but only reviewed the file. (Tr. 14). However, the court notes that Sowhes indicated on her assessment form that she had been treating the claimant since May of 2007 at the Cumberland River Comprehensive Care Center. (Tr. 373). A comparison of the signatures of Sowhes on her assessment form at page 377 of the transcript with the signature of the Cumberland River psychiatrist which the ALJ found to be illegible (Tr. 13) at page 370 of the transcript indicates that these are the same person. Thus, Sowhes was a treating source at Cumberland River. Even if the ALJ had good cause to reject her extensive mental limitations, this opinion of a treating source does not support the administrative decision.

Psychologist Crystal Sahner examined Petrey and diagnosed post traumatic stress disorder, an impulse control disorder and a depressive disorder. (Tr. 273).

Sahner opined that the plaintiff 's ability to interact appropriately with fellow workers and supervisors in the workplace setting and ability to tolerate the stress and pressures of daily work activity would be "extremely affected" by his mental problems.  (Id.).  These are also more severe restrictions than those found by the ALJ.  The ALJ did not fully credit the examiner,  preferring to rely upon the opinions of the non-examining medical reviewers.  (Tr. 13).  Sahner also does not support the administrative decision.

Psychologists Thompson Prout (Tr. 290-293) and Ilze Sillers (Tr. 339-342), the non-examining medical reviewers, each indicated that Petrey would be "moderately limited" in understanding, remembering and carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances, interacting appropriately with the general public and responding appropriately to changes in the work setting.  (Tr. 339-340).  Prout indicated that despite the restrictions, the claimant would still be able to understand, remember and sustain attention for simple tasks for two-hour time periods, could relate adequately in a less crowded, object-focused setting with limited social demands, and adapt to routine tasks.  (Tr. 292).  This opinion was adopted by Sillers.  (Tr. 341).  As previously noted, the ALJ adopted these opinions over those of the treating and examining sources.  (Tr. 13).

Petrey argues that the ALJ's actions in rejecting the opinions of the treating and examining sources in favor of those of the non-examining reviewers were erroneous.   The court notes that the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."   20 C.F.R. § 404.1527(d)(1).  The Sixth Circuit Court of Appeals has found that an ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner has reviewed the record and noted the reasons for their differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p provides that when an examiner is also a treating source, the reviewer should have reviewed a complete record which includes the opinion of a specialist in the claimant's particular disability who provides more detailed and comprehensive information than the treating source.   In the present action, Sillers affirmed the opinion of Prout without expressing any reasoning.  (Tr. 341).  Prout noted that Sahner was entitled to only limited weight but without giving a detailed explanation for this finding.  (Tr. 292).  Neither reviewer had the opportunity to see and comment upon the opinion of Sowhes since it was dated October of 2008 (Tr. 377), while they saw the record in August of 2007 (Tr. 292) and December of 2007 (Tr. 341).  Thus, these opinions were not sufficient to support the ALJ's decision.  The ALJ should at least have obtained the opinion of a medical expert who had seen a complete

record and provided commentary on the opinions of the treating and examining sources.  Therefore, a remand of the action for further consideration of the plaintiff's mental status is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of June, 2010.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**